WESTCHESTER MORTGAGE CO. v. THOMAS B. McINTIRE, Inc., et al.

(Supreme Court, Appellate Division, Second Department. June 11, 1915.)

ACTION ⬤⟹70—ABANDONMENT—EXTENSION OF PAYMENT—EFFECT ON SUIT BROUGHT.

Where the holder of a note, after suit had been begun against the maker and the guarantor, extended the time of payment on such note for two weeks, the guarantor having previously agreed to such extension, such extension did not amount to a withdrawal or discontinuance of the

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

pending suit, since it had only a future, not a retroactive effect, and merely operated to hold in abeyance further steps in the suit, such as entry of judgment, which could not be had until the expiration of the extended time.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 752–755; Dec. Dig. ☞70.]

Appeal from Trial Term, Westchester County.

Action by the Westchester Mortgage Company against Thomas B. McIntire, Incorporated, and William H. Foster. From a directed verdict for plaintiff, defendant Foster appeals. Affirmed.

See, also, 153 N. Y. Supp. 437.

Argued before JENKS, P. J., and THOMAS, STAPLETON, RICH, and PUTNAM, JJ.

Frederick B. Van Kleeck, Jr., of White Plains, for appellant.

Jonathan Holden, of Pleasantville, for respondent.

PUTNAM, J. Defendant raises the effect of an extension of time of payment of a note already in suit. After the maker and guarantor were in default, the holder extended the note in suit, and two others, from July 14th to August 1st. Such indulgence did not discharge appellant as guarantor, because in the previous March he had agreed in writing to one or more extensions, if· in all not over six months. But appellant urges that this written extension of payment had a retroactive effect, and amounted to a withdrawal of the pending suit, in which he was already in default. We cannot, however, read into this extension (which only gave further time to pay the note) such enlargement of its scope and effect. It looked to the future, and made no mention of the suit which had been regularly instituted. It would be going far to say that such forbearance tacitly discontinued the suit, so that if the note should be not paid on August 1st, plaintiff would have to begin a new action. The words used and the intent to be presumed meant only that further steps in the suit and the entry of judgment were to be held in abeyance. If not paid when the time was up, the note could then be put in judgment. We may look also at the effect of a contrary holding. To such a kindly forbearance it would annex legal consequences, which would tend to discourage courtesy and indulgence to one served with process, while the policy of the law should favor a reasonable respite to a debtor in temporary difficulty.

The judgment should therefore be affirmed, with costs. All concur.